

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WADE GARNER, SR. (#186772) | DOCKET NO. 08-CV-1977; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION TO DISMISS CERTAIN NAMED DEFENDANTS

Pro se Plaintiff Wade Garner, Sr. filed the instant civil rights complaint (42 U.S.C. §1983) *in forma pauperis* on December 17, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. He names as defendants: WCC, Lt. Vernon, Corrections Corporation of America (CCA), Officer Woo, Officer Smith, LPN Lesia Jones, Pat Thomas, Warden Wilkinson, Captain Coleman, Virgil Lucas, and Officer Clark. Plaintiff complains that he was denied adequate medical care in violation of his constitutional right.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that Plaintiff's claim against WCC, CCA, Lt. Vernon, Officer Woo, Officer Smith, LPN Jones, Pat Thomas, and Warden Wilkinson be dismissed as frivolous and for failing to state a claim for which relief can be granted.

## Background

On the evening of July 30, 2008, while housed in the Cypress Unit as a result of a disciplinary conviction, Plaintiff attempted to make a medical emergency call. He begged Lt. Vernon, Officer Woo, and Officer Smith to notify the medical department that his stomach hurt and he was in severe pain. Lt. Vernon informed Plaintiff hours later that the nurse was on her way. Plaintiff alleges that the nurse never showed up. Plaintiff alleges that he shook the cell bars screaming for medical help, but was ordered to stop rattling the bars by Vernon, Woo, and Smith. Plaintiff laid on his bunk and "cry like a newborn baby" from the severe pain. Defendants assured Plaintiff that the nurse was in route to the unit. Plaintiff concludes that the defendants "must have lied" about the nurse being on her way or lied about calling the nurse because the nurse never showed up. Plaintiff concludes that the actions of these guards amount to attempted first degree murder.

The next morning, still in "unbearable pain," Plaintiff begged Officer Woo for a sick call form. Woo provided Plaintiff with the form, which Plaintiff completed and submitted to LPN Jones as she was dispensing medication in Cypress Unit. He asked Jones to take him up to the doctor, but she said that she could not at that time because she was dispensing medication. As Chief Lucas, Captain Coleman, and Officer Clark made their rounds in Cypress, Plaintiff told them that he needed medical help. "[T]hey said 'OK' and

2

laughed . . . then kept walking." [Doc. #1, p.5]

Plaintiff was finally examined by Dr. Pacheco at 4:00 that afternoon, and he immediately had Plaintiff transported to the hospital. At the hospital, it was determined that Plaintiff had appendicitis and needed emergency surgery. Because Plaintiff's appendix actually ruptured prior to surgery, he spent three weeks in the hospital recovering. Plaintiff credits Dr. Pacheco with saving his life. Plaintiff seeks damages and injunctive relief.

## Law and Analysis

1. CCA, Wilkinson, and Thomas

Plaintiff alleges that CCA, Wilkinson, and Thomas are vicariously liable "for the acts and omissions" of their employees and staff. He also alleges that each is liable for failing to train, supervise, and instruct his/her staff. Supervisory officials are not liable for the actions of subordinates on a theory of vicarious liability or respondeat superior. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Supervisory officials may be held liable only if: (I) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in Plaintiff's injuries. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Personal involvement is an essential element of a civil rights cause of action. Thompson v. Steele, 709 F.2d 381,

3

382 (5th Cir.), cert. denied, 464 U.S. 897 (1983). Plaintiff has not alleged any facts involving Wilkinson or Thomas. Nor has he alleged any unconstitutional policies or procedures implemented by those defendants. Plaintiff's claims against Wilkinson and Thomas should be dismissed.

Plaintiff also claims that CCA is liable for the acts of its employees. However, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). A private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the moving force of the constitutional violation. Plaintiff has not presented any allegations that an official policy or custom of CCA was the cause or moving force behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against CCA should be dismissed as frivolous.

2.  WCC

Plaintiff has named WCC as one of his defendants. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether WCC has the capacity to be sued in this action. Under Louisiana law,

to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A review of the Louisiana Secretary of State's corporations database suggests that WCC is not a corporation and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise. WCC should be dismissed.

3. Vernon, Woo, and Smith

Plaintiff claims that Lt. Vernon, Officer Woo, and Officer Smith are liable for failing to obtain medical help for Plaintiff. According to Plaintiff, Lt. Vernon informed him that the nurse was on her way, but no nurse showed up. Plaintiff alleges that he shook the cell bars screaming for medical help, but was ordered to stop rattling the bars by Vernon, Woo, and Smith. Because the nurse did not come to examine Plaintiff, he concludes that the defendants "must have lied" about the nurse being on her way or lied about calling the nurse.

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation, and he may not simply rely on conclusory allegations. <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995). Moreover, the Plaintiff must present allegations of deliberate indifference to Plaintiff's serious medical needs. Under the Eighth Amendment, a lack of proper inmate

5

medical care can be cruel and unusual punishment only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). The Supreme Court defined "deliberate indifference" as "subjective recklessness" or a conscious disregard of a substantial risk of harm. Farmer. v. Brennan, 511 U.S. 825 (1994). In Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996)(en banc) the Fifth Circuit stated that deliberate indifference is a subjective intent to cause harm, which cannot be inferred from a guard's failure to act. Plaintiff has presented no allegations of deliberate indifference on the parts of Vernon, Woo, or Smith. In fact, he alleges that Woo provided him with a sick call form upon request and that the guards advised that they had called the medical department. Plaintiff's claims against these three defendants should be dismissed.

4. LPN Jones

Plaintiff complains that he submitted his sick call form to nurse Jones and asked her to take him over to the infirmary. She stated that she couldn't at that time because she had to finish distributing medication to the inmates. Plaintiff does not present any allegations that Jones had a subjective intent to cause him harm, only that she could not tend to him at that moment because she was doing her job of distributing medication. Although Jones may have been negligent in failing to realize the gravity of

Plaintiff's situation and see to it that he receive immediate treatment, that inaction does not demonstrate criminal recklessness. See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)("'[S]ubjective recklessness as used in the criminal law' is the appropriate test for deliberate indifference.")(quoting Farmer, 511 U.S. at 838-40).

5. Coleman, Lucas, and Clark

Plaintiff claims that on the morning of July 31, 2008, he was still in "unbearable pain." As Chief Lucas, Captain Coleman, and Officer Clark made the morning rounds in Cypress Unit, Plaintiff told them that he needed medical help. "[T]hey said 'OK' and laughed like Plaintiff told a joke then kept walking." [Doc. #1, p.5] Plaintiff alleges that they saw his red and swollen abdomen, but deliberately ignored his complaints. By the time Plaintiff was examined that afternoon and transported to the hospital for surgery, his appendix had ruptured. Plaintiff has alleged deliberate indifference to an obvious need for medical attention by Lucas, Coleman, and Clark, and service of process will be ordered on those defendants.

6. Injunctive Relief - Warden Wilkinson

Plaintiff asks that the Court order Wilkinson to hold meetings and classes to train his staff for emergency situations that arise at WCC. Ordinarily, courts accord great deference to the internal administrative decisions of prison officials. Royal v. Clark, 447

F.2d 501 (5th Cir. 1971); <u>Krist v. Smith</u>, 439 F.2d 146 (5th Cir. 1971); <u>Haggerty v. Wainwright</u>, 427 F.2d 1137 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." <u>Shaw v. Murphy</u>, 532 U.S. 223, 230 (2001); accord <u>Washington v. Harper</u>, 494 U.S. 210, 223-24 (1990); <u>Turner v. Safley</u>, 482 U.S. 78, 84-85 (1987). "Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1979). Based on the foregoing, Plaintiff is not entitled to the injunctive relief requested.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims **against the following defendants <u>only</u>** be **DENIED and DISMISSED** with prejudice as frivolous and failing to state a claim under 28 U.S.C. §1915(e)(2)(B):

**Winn Correctional Center
Corrections Corporation of America
Lieutenant Vernon
Officer Woo
Officer Smith
LPN Jones
Pat Thomas
Warden Tim Wilkinson**

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation**

have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 12th day of May, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE